# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:18-CV-071-RJC-DCK

| | |
|---|---|
| MARLENE B. SCOTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| IREDELL STATESVILLE SCHOOLS ) | |
| BOARD OF EDUCATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion To Dismiss Plaintiff's Amended Complaint" (Document No. 14) filed September 10, 2018. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will direct that the pending motion to dismiss be <u>denied</u> as moot.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). Rule 15 further provides:

> **(2) Other Amendments.** In all other cases, a party may amend its pleading only **with the opposing party's written consent** or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2) (emphasis added).

## DISCUSSION

Plaintiff has now filed a "Second Amended Complaint" (Document No. 14), and Defendant has provided "Notice Of Written Consent To Filing Of Plaintiff's Second Amended Complaint" (Document No. 18). The Second Amended Complaint supersedes the Amended Complaint. As such, the undersigned will direct that "Defendant's Motion To Dismiss Plaintiff's Amended Complaint" (Document No. 14) be denied as moot. Defendant may file a renewed motion to dismiss the Second Amended Complaint, if appropriate.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); Brown v. Sikora and Associates, Inc., 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16, 2008); and Atlantic Skanska, Inc. v. City of Charlotte, 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Defendant's Motion To Dismiss Plaintiff's Amended Complaint" (Document No. 14) is **DENIED AS MOOT**.

Signed: September 27, 2018

David C. Keesler
United States Magistrate Judge