# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 5:18-CV-071-KDB-DCK

| | |
|---|---|
| MARLENE B. SCOTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| IREDELL-STATESVILLE BOARD OF ) | |
| EDUCATION, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER IS BEFORE THE COURT** on Defendant's "Motion For Leave To File Under Seal" (Document No. 40) filed September 3, 2019. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, and noting consent of Plaintiff's counsel, the undersigned will <u>grant</u> the motion.

A party who seeks to seal any pleading must comply with the Local Rules of this Court. Local Civil Rule("LCvR") 6.1 provides in relevant part as follows:

**LCvR. 6.1 SEALED FILINGS AND PUBLIC ACCESS.**

   **(a)** *Scope of Rule*. To further openness in civil case proceedings, there is a presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed. This Rule governs any party's request to seal, or otherwise restrict public access to, any materials filed with the Court or used in connection with judicial decision- making. As used in this Rule, "materials" includes pleadings and documents of any nature and in any medium or format.

   **(b)** *Filing under Seal*. No materials may be filed under seal except by Court order, pursuant to a statute, or in accordance with a previously entered Rule 26(e) protective order.

> **(c)** *Motion to Seal or Otherwise Restrict Public Access*. A party's request to file materials under seal must be made by formal motion, separate from the motion or other pleading sought to be sealed, pursuant to LCvR 7.1. Such motion must be filed electronically under the designation "Motion to Seal." The motion must set forth:
>
>> **(1)** A non-confidential description of the material sought to be sealed;
>> **(2)** A statement indicating why sealing is necessary and why there are no alternatives to filing under seal;
>> **(3)** Unless permanent sealing is sought, a statement indicating how long the party seeks to have the material maintained under seal and how the matter is to be handled upon unsealing; and
>> **(4)** Supporting statutes, case law, or other authority.

Local Rule 6.1. It appears that the requirements of Local Rule 6.1(c)(1) through (4) have been met.

Having considered the factors provided in Local Rule 6.1(c), the Court will grant the motion to seal. The undersigned finds that the parties agree that the information Defendant seeks to file under seal is properly designated as "Confidential" by the "Consent Protective Order" (Document No. 30) and includes information that should be kept confidential pursuant to the North Carolina General Statutes.

Noting that the time for public response has not run on this motion, the Court will consider any objection to this Order from non-parties as an objection to the motion, requiring no additional burden for any non-party under the Federal Rules of Civil Procedure. See Local Rule 6.1(e).

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion to Seal" (Document No. 40) is **GRANTED**, and the following documents shall be filed under seal.

1. Deposition of Superintendent Brady Johnson, Appendix of Exhibits in Support of Motion for Summary Judgment Exhibit 1;

2. Deposition of Associate Superintendent of Human Resources Alvera Lesane, Ed.D., Appendix of Exhibits in Support of Motion for Summary Judgment Exhibit 2;

3. Certain documents produced in Plaintiff's Responses to Defendant's Request for Production of Documents Nos. 6 and 18, Appendix of Exhibits in Support of Motion for Summary Judgment Exhibit 5;

4. Affidavit of Superintendent Brady Johnson;

5. Affidavit of Associate Superintendent of Human Resources Alvera Lesane, Ed.D.;

6. Exhibits D through K to Affidavit of Associate Superintendent of Human Resources Alvera Lesane, Ed.D.;

7. Affidavit of North Iredell Middle School Principal, Robbie Sipes;

8. Exhibits A, D, F and H to Affidavit of North Iredell Middle School Principal, Robbie Sipes;

9. Affidavit of West Iredell Middle School Principal, David Ivey;

10. Exhibits A and D to Affidavit of West Iredell Middle School Principal, David Ivey;

11. Memorandum in Support of the Board's Motion for Summary Judgment.

**SO ORDERED**.

Signed: September 3, 2019

David C. Keesler
United States Magistrate Judge