IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:18-CV-071-KDB-DCK

| | |
|---|---|
| MARLENE B. SCOTT, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>IREDELL-STATESVILLE SCHOOLS )<br>BOARD OF EDUCATION, )<br>)<br>Defendant. )<br>) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion To Compel Discovery, To Compel Disclosure, And For Sanctions" (Document No. 34) filed July 19, 2019. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will grant the motion.

**STANDARD OF REVIEW**

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507

(1947). However, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion. See, Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

> If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--**the court must**, after giving an opportunity to be heard, **require** the party or deponent whose conduct necessitated the motion, the party **or attorney advising that conduct**, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed.R.Civ.P. 37(a)(5)(A) (emphasis added).

## DISCUSSION

By the instant motion, Defendant requests that the Court compel Plaintiff to: fully respond to its discovery requests; supplement initial disclosures; and pay Defendant's attorney fees and reasonable costs incurred in connection with the motion. (Document No. 9). Defendant contends that its first discovery requests were served on or about December 20, 2018, and that since then Plaintiff has continued to fail to provide complete, timely, and verified responses. (Document No. 34-1). See also Fed.R.Civ.P. 33(b)(3) ("[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath").

Defendant notes that during Plaintiff's deposition she "admitted that many of her responses to the Board's First Discovery Responses were incorrect or incomplete." (Document No. 34-1, p. 5) (citing Document No. 34-5). Defendant argues that due to Plaintiff's repeated disregard of her

2

discovery obligations under the Federal Rules, Defendant "is without information vital to its defense and has been forced to expend considerable attorneys' fees in seeking compliance from Plaintiff." (Document No. 34-1, p. 18).

"Plaintiff's Response…" acknowledges that "some of her initial responses were not complete," "that her responses have not been timely," and that her "responses may not have been entirely complete or timely." (Document No. 37, pp. 2, 4, 6). However, Plaintiff asserts that she has repeatedly supplemented her responses, that she has "substantially complied" with discovery requests, and denies that she has ignored Defendant's requests or otherwise acted in bad faith. (Document No. 37).

Plaintiff states that she has "fully responded to Defendant's Request for Admissions" but does not assert that the has fully responded to Defendant's interrogatories or requests for production of documents. (Document No. 37, p. 1). Moreover, Plaintiff does not seem to contest that her interrogatory responses have not been provided under oath. Id.

"Defendant's Reply…" asserts that "Plaintiff and Plaintiff's counsel have committed repeated and ongoing violation of their discovery obligations," and have "not complied with a single discovery deadline in this matter." (Document No. 38, p. 1). Defendant lists multiple discovery requests that are allegedly still deficient. (Document No. 38, pp. 3-5). As of August 8, 2019, Defendant contends it is still without information to which it is entitled. (Document No. 38, p. 7).

At this time, it is unclear to the undersigned whether the outstanding discovery has been provided. As noted above, Plaintiff further supplemented her discovery responses on August 2, 2019 – *after* the motion to compel was filed and *after* the discovery deadline – but as of the filing of the reply brief, Defendant contends it still lacked significant information. (Document No. 37,

3

p. 2; Document No. 38; Document No. 56-22). Even if discovery has been fully completed, it was provided only after multiple requests by Defendant culminating in the instant motion to compel.

The undersigned also notes that Plaintiff does not seem to suggest that Defendant has sought information that is privileged, irrelevant, or is not proportional to the needs of the case. (Document No. 37). Rather, Plaintiff contends she has tried to provide responsive information, while acknowledging that her efforts have been neither timely nor complete. Id.

Under these circumstances, the undersigned finds that Defendant's motion should be granted. In addition, because Plaintiff has failed to show any exceptions that would deter the Court from ordering the payment of Defendant's reasonable expense and attorney fees incurred in making this motion to compel, the undersigned finds that Plaintiff must reimburse Defendant's counsel for the reasonable expenses and attorney fees associated with preparing and filing the motion to compel and supporting documents (Document No. 34) and the reply brief in support of the instant motion (Document No. 38). See Fed.R.Civ.P. 37(a)(5)(A)(i)-(iii).

**IT IS, THEREFORE, ORDERED** that "Defendant's Motion To Compel Discovery, To Compel Disclosure, And For Sanctions" (Document No. 34) is **GRANTED**. To the extent she has not already done so, Plaintiff shall provide complete and verified discovery responses on or before **October 15, 2019**.

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall confer with Defendant's counsel by telephone or in person, on or before **October 22, 2019**, in a good faith attempt to arrange Plaintiff's payment of reasonable expenses and attorney's fees as directed herein. If counsel for the parties are unable to resolve the issue of expenses and fees without further Court

intervention, Defendant's counsel may file a motion with appropriate supporting documentation that seeks such relief on or before **October 25, 2019**.

**IT IS FURTHER ORDERED** that if Plaintiff fails to fulfill her remaining discovery obligations, Defendant may seek additional sanctions.

**SO ORDERED**.

Signed: September 30, 2019

_____
David C. Keesler
United States Magistrate Judge